UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES   DIVISION

| | |
|---|---|
| **JOHN ARTHUR WILLIAMS** | CIVIL ACTION NO._____ |
| **Plaintiff** | JUDGE_____ |
| V | |
| **RICKY MOSES, SHERIFF OF BEAUREGARD PARISH, and BEAUREGARD PARISH SHERIFF'S DEPUTY EDWARD PROBST** | MAG.   JUDGE_____ |
| **Defendants** | JURY TRIAL DEMANDED |

_____

## COMPLAINT

The Complaint of JOHN ARTHUR WILLIAMS a person of the full age of majority who herein respectfully shows:

### JURISDICTION and VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331(Federal Question) and 28 U.S.C. §1343 (Civil rights). Plaintiff invokes the supplemental jurisdiction of the court to hear and decide plaintiff's Louisiana State Law claims pursuant to 28 U.S.C. §1367 (a).

2. Venue is proper under 28 U.S.C. §1391 (b) as the Defendants are located, and the events giving rise to Plaintiffs' claims occurred within the boundaries of this judicial district.

### PARTIES

Plaintiff herein is:

   3. JOHN ARTHUR WILLIAMS, a resident and domiciliary of DeRidder, Louisiana, and

1

a citizen of the United States of America.

Made defendants herein are:

4. RICKY L. MOSES (hereinafter, sometimes referred to as SHERIFF MOSES), Sheriff of Beauregard Parish, State of Louisiana, the governing authority, and decision maker for the BEAUREAGRD PARISH SHERIFF'S OFFICE, who, pursuant to the policy, custom and usage, deprived Plaintiff of his rights secured by the United States Constitution in violation of 42 U.S.C. § 1983. He is being sued in his individual capacity and in his official capacity as the Sheriff of Beauregard Parish pursuant to 42 U.S.C §1983. SHERIFF MOSES is also being sued pursuant to the doctrine of respondeat superior on the pendant State Law Claims. At all times pertinent herein, SHERIFF MOSES was the employer of DEPUTY EDWARD PROBST. SHERIFF MOSES is a citizen of the State of Louisiana and the United States of America. Upon information and belief, he is a resident of Beauregard Parish, Louisiana, and can be served at 412 Bolivar Bishop Dr. DeRidder, La 70634 and;

5. DEPUTY EDWARD PROPST (hereinafter, sometimes referred to as DEPUTY PROPST or PROPST), a sheriff's deputy with the BEAUREGARD PARISH SHERIFF'S OFFICE, who, at the times of the occurrence described herein, was employed as a law enforcement officer and/or animal control officer for SHERIFF MOSES and the BEAUREGARD PARISH SHERIFF'S OFFICE and acting within the course and scope of his employment for purposes of State Law, and under color of Law for purposes of Federal Law. DEPUTY PROPST is a citizen of the State of Louisiana and the United States of America. He is being sued in his individual capacity and in his official capacity as a BEAUREGARD PARISH SHERIFF's deputy. Upon information and belief, he is domiciled in Beauregard Parish, Louisiana, and can be served through

the Sheriff, Ricky Moses, at 412 Bolivar Bishop Dr. DeRidder, La 70634.

## INTRODUCTION

6. This is an action brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's Fourth and Fourteenth Amendment rights as secured by the United States Constitution as well as to assert other State Law claims as is more particularly set forth in further detail below.

7. At all times relevant hereto and in all actions described herein, Defendants, SHERIFF MOSES and DEPUTY PROPST acted under color of law and under the color of the laws, statutes, ordinances, regulations, policies customs and usages of the State of Louisiana, and its political subdivisions.

8. At all times relevant hereto and in all actions described herein, Defendant, DEPUTY PROPST acted within the course and scope of his employment as a deputy sheriff with the Beauregard Parish Sheriff's Office, more particularly, as a Deputy to SHERIFF MOSES.

## FACTS

9. According to documents provided to Plaintiff pursuant to the Freedom of Information Act, "the FOIA documents", on or about February 20, 2016, Deputy Charles A. McKinney was dispatched to Williams Tractor Supply at 3461 Hwy 190 West, DeRidder, Louisiana , in response to a purported dogs-at-large complaint. (Plaintiff owns Williams Tractor Supply, a business, and rents the real property upon which it is located, hereinafter sometimes referred to as "the property" or the "business")

10. Upon information and belief, Deputy McKinney was dispatched following a call from a bicyclist who claimed to have been chased by three (3) dogs on the highway near the property

3

earlier that morning.

11. Upon information and belief, upon Deputy McKinney's arrival at the property, Plaintiff's dogs, Bishop (a Pit-Bull) Sheeba (a Pit Bull Mix) and Roscoe (a border collie mix) (Sometimes hereinafter referred to as "the dogs") were on the property near the front of the business building. Plaintiff was not present.

12. Bishop, Sheeba, and Roscoe were owned and cared for by the Plaintiff, ARTHUR WILLIAMS and resided at his place of business, Williams Tractor Supply.

13. According to FOIA responsive documents, Deputy McKinney parked his unit on the property but remained in his patrol car and requested dispatch to contact defendant, DEPUTY EDWARD PROPST with Beauregard Parish Animal Control to assist in capturing the dogs.

14. While Deputy McKinney sat in his patrol unit on Plaintiff's property waiting for DEPUTY PROPST to arrive, the dogs protected their property by barking and biting at the tires on the vehicle, but after only a few minutes, walked away from Deputy McKinney's vehicle and towards the West side of the property, out of sight.

15. Sometime thereafter, Defendant, DEPUTY PROPST arrived on the scene, drove onto the property, and both PROPST and Mckinney drove their vehicles around to the west side of the business building/property in search for the dogs.

16. DEPUTY PROPST and Deputy Mckinney then made contact with the dogs on the west side of the business building/property.

17. According to FOIA responsive documents, rather than attempting to use non-lethal means to capture the dogs, and while still located safely inside the vehicle, Deputy PROPST retrieved a duty revolver and fired <u>multiple</u> shots at the dogs out of the window of his vehicle.

4

18. Upon information and belief, the shots struck Bishop and Sheeba.

19. Upon information and belief, the shots caused all three (3) dogs to scatter with some running inside the building. Upon information and belief, Roscoe was not hit, but ran away from the gunshots.

20. Upon information and belief, DEPUTY PROPST was inside his vehicle at all times prior to and while the shots were fired, and thus, was not in any danger of receiving physical harm

21. Upon information and belief, Deputy McKinney also remained in his police vehicle up until after the dogs were shot and was therefore not in any danger of receiving physical harm.

22. Thereafter, DEPUTY PROPST and Deputy McKinney exited their vehicles in search of the wounded dogs.

23. DEPUTY PROPST then approached Bishop, who had been wounded, and rather than attempt to use non-lethal means to capture the dog and obtain veterinary aid for the gunshot wounds that he caused while located safely in his unit, fired another shot into Bishop in attempt to kill the animal- which was unsuccessful.

24. DEPUTY PROPST and Deputy McKinney then entered the building where business operations are chiefly conducted on the property and found one of the other dogs (unknown at this time whether it was Sheeba or Roscoe) but were unsuccessful in capturing the animal.

25. Thereafter, DEPUTY PROPST and Deputy Mckinney, without probable cause under the law, seized several young puppies from inside the private business building.

26. Upon exiting the building, DEPUTY PROPST again came in contact with Bishop who was still alive after multiple gunshot wounds. Deputy PROPST then fired another shot into Bishop with his 357 Magnum revolver using hollow point 110 grain bullets. Again, this attempt to kill

5

Bishop was unsuccessful.

27. DEPUTY PROPST then when back to his police unit and retrieved a .22 caliber weapon and fired another shot into Bishop, thereby killing him.

28. The deputies attempted to find, but could not locate the other two (2) other dogs, Sheeba and Roscoe, who had possibly been injured.

29. DEPUTY PROPST then loaded the deceased dog (Bishop) and the puppies into the back of his unit and transported them to the humane society.

30. Upon Plaintiff's return to the business, he immediately noticed that his dogs were missing and began frantically looking for them.

31. Shortly thereafter, Roscoe returned to the property but Sheeba was nowhere in sight.

32. Plaintiff spent hours looking for Sheeba, but could not find her.

33. The next morning, Sheeba finally returned to the property but was badly injured from the gunshot wound to the face caused by DEPUTY PROBST. Plaintiff immediately took Sheeba to a veterinarian. Sheeba fortunately survived her injuries though a lengthy surgical intervention was required.

34. There was no justifiable cause for DEPUTY PROPST to discharge his firearm or use deadly force upon Bishop or Sheeba.

35. DEPUTY PROPST could have employed non-lethal methods to gain control of the dogs rather than shooting them and killing one, but he neither attempted nor exhausted the same.

36. Upon information and belief, DEPUTY PROPST was equipped with a catch pole but never attempted to use the same.

37. The dogs had not bitten or attacked anyone on the date of the incident in question and

had never bitten or attacked anyone in the past.

38. Plaintiff had never been ticketed for dogs-at-large in the past and had never received any complaints regarding his dogs.

39. The dogs were located on the private, enclosed, property where plaintiff's business is located when they were shot.

40. DEPUTY PROPST knew that he was responding to a dogs-at-large call and was not surprised by the dogs' presence.

41. Plaintiff's property was damaged by an intentional act at the hands of DEPUTY PROPST.

42. Upon information and belief, the Beauregard Parish Sheriff's Office and its decision maker, RICKY MOSES, with deliberate indifference, gross negligence, and reckless disregard to the rights of the Plaintiff, and all persons similarly situated, maintained, enforced, tolerated, permitted, and applied policies, practices, or customs and usages of (including but not limited to) subjecting citizens to unreasonable seizures by sanctioning or allowing his Deputies to use lethal force against pets unjustifiably and by failing to adequately train, supervise, and equip employee-responders to properly handle dog/animal encounters.

43. DEPUTY PROPST acted unreasonably under the circumstances by resorting to lethal force when the same was unnecessary under the circumstances, and when he had not first attempted to use non-lethal force in capturing the dogs, and for entering upon Plaintiff's property without probable cause and effectively seizing and damaging his property without probable cause by taking the young puppies, shooting and killing bishop, and shooting and wounding Sheeba.

44. Upon information and belief, SHERIFF RICKY MOSES, as decision and policy-maker

for the Beauregard Parish Sheriff's Office, maintained a policy, practice, or custom of sanctioning its deputies using lethal force against dogs/animals when the same is not justified under the law.

45. Upon information and belief, SHERIFF RICKY MOSES, as decision and policy-maker for the Beauregard Parish Sheriff's Office, maintained a policy, practice, or custom of failing to train or failing to adequately train its officers regarding use of non-lethal force with respect to dog/animal encounters, the use of force continuum as to dogs/animals and handling dog/animal encounters.

46. DEPUTY PROPST's unreasonable action is wholly or partially a result of the Defendant, SHERIFF MOSES, as decision and policy-maker for the Beauregard Parish Sheriff's Office, for maintaining, enforcing, tolerating, permitting, and applying policies, practices, or customs and usages policies that subject citizens to unreasonable seizures by sanctioning or allowing DEPUTY PROPST to use lethal force against pets unjustifiably and by failing to adequately train, supervise, and equip DEPUTY PROPST to properly handle dog/animal encounters, to handle said encounters using non-lethal means, and in the use of force continuum, particularly as it pertains to dog/animal encounters.

## DAMAGES

47. Plaintiff, JOHN WILLIAMS suffered and continues to suffer from mental and emotional distress caused by the intentional actions of the defendants. Plaintiff itemizes his damages in the following particulars, to-wit:

(A) Loss of property;

(B) Loss of sense of security and trust for law enforcement;

(C) Past, present, and future medical expenses;

(D) Past, present, and future mental and emotional pain, anguish, and distress;

## CLAIMS FOR RELIEF

### COUNT I- 42 U.S.C. §1983
### Fourth Amendment- Illegal Seizure

48. Each of the foregoing paragraphs is incorporated as if restated fully herein.

49. The killing of a family pet by law enforcement officers constitutes a seizure and is subject to the provisions of the Fourth Amendment to the Constitution of the United States.

50. The foregoing wrongful acts of the defendants (unjustifiably entering onto and into Plaintiff's private property and place of business, shooting plaintiff's dogs, and seizing his puppies), committed while acting under color of State law, resulted in the death of Bishop, injury to Sheeba, and a violation of Plaintiff's rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

51. DEPUTY PROPST's actions in killing Bishop and shooting Sheeba were unreasonable and in violation of Plaintiff's rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

52. As a direct and proximate result of DEPUTY PROPST's illegal seizure, and the other wrongful acts of the defendant, SHERIFF MOSES, operator and policy maker of the Beauregard Parish Sheriff's Office, Plaintiff suffered injury, including emotional anguish, pain, suffering, fear, apprehension, depression, anxiety, loss of enjoyment of life, veterinary expenses, the loss of his beloved dog, Bishop, and his companionship, and stress/worry as to whether Sheeba would recover. Plaintiff also suffered a loss of sense of security and trust in law enforcement.

53. It was unreasonable for DEPUTY PROPST to enter upon Plaintiff's property without probable cause, to use lethal means against the dogs, particularly while he was on private property

and not in imminent physical danger while safely located within his vehicle, and, in any event, to not first attempt to use non-lethal methods to gain control of the dogs. It was unreasonable for DEPUTY PROBST to take the young puppies located within Plaintiff's building and place of business.

54. The acts of DEPUTY PROPST were intentional, wanton, malicious, oppressive, reckless, outrageous, and/or callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of <u>punitive damages</u> against defendant PROPST.

55. Upon information and belief, the Beauregard Parish Sheriff's Office and its decision maker, RICKY MOSES, with deliberate indifference, gross negligence, and reckless disregard to the rights of the plaintiff, and all persons similarly situated, maintained, enforced, tolerated, permitted, and applied policies, practices, or customs and usages of (including but not limited to), subjecting people to unreasonable seizures of their property by sanctioning or allowing DEPUTY PROBST and other Deputies to use lethal force against pets unjustifiably and failing to adequately train, supervise, and equip employees to properly handle dog/animal encounters.

56. As a result of Defendant SHERIFF MOSES's unlawful actions and infringements of Plaintiff's protected rights, Plaintiff has been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. 1988.

**COUNT II- 42 U.S.C. Sec 1983**
**Fourth Amendment violation- Monell Claims (against Sheriff Ricky Moses)**

57. Each of the foregoing paragraphs is incorporated as if fully restated herein.

58. As described in the proceeding paragraphs, the conduct of the defendant PROPST, acting under color of law, by entering onto Plaintiff's property without probable cause, shooting

plaintiff's dogs and thereafter entering into Plaintiff's place of business, and seizing young puppies without probable cause, constituted a search and seizure in violation of the United States Constitution.

59. The misconduct described was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

60. The misconduct described was undertaken with malice, willfulness, and reckless indifference to the rights of others.

61. The misconduct described was undertaken pursuant to a policy and practice of SHERIFF RICKY MOSES through the Beauregard Parish Sheriff's Department in that:

a. Defendant, RICKY MOSES, is charged with duties including the promulgation and adoption of rules and regulations and general and special orders for the governance of the Beauregard Parish Sheriff's Office and including the policies, procedures and practices that apply to the situation complained of herein;

b. RICKY MOSES, as chief decision maker for the Beauregard Parish Sheriff's Office, applied policies, practices, or customs and usages of (including but not limited to), subjecting people to unreasonable seizures of their property by sanctioning or allowing DEPUTY PROBST and other Deputies to use lethal force against pets unjustifiably:

   i. In particular, the Beauregard Parish Sheriff's Office "Procedures for Animal Control" explicitly provides for the use of firearms as a tool for "euthanization" of an animal using threatening behavior.

   ii. The misconduct by DEPUTY PROPST was investigated and found to be in compliance with the Beauregard Parish Sheriff's Department's Policies and Procedures by

11

defendant, RICKY MOSES.

   iii. Upon information and belief, this type of misconduct described herein has occurred at the hands of DEPUTY PROPST and SHERIFF MOSES on <u>numerous</u> occasions in the past.

   iv. Upon information and belief, DEPUTY PROPST has unjustifiably shot and killed mulitple dogs during the course and scope of his employment with the Beauregard Parish Sheriff's Office.

 c. The defendant, RICKY MOSES, is a policy maker for the Beauregard Parish Sheriff's Office for the training and supervision of its deputies regarding the use of force, which was excessive in this case;

 d. At all times relevant to this complaint, DEPUTY PROPST was acting under the direction and control of the policy maker for the Beauregard Parish Sheriff's Office, RICKY MOSES.

 e. As a matter of both policy and practice, the Beauregard Parish Sheriff's Office and its chief decision maker, RICKY MOSES, directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

 f. At all times relevant to this complaint, and acting under color of law and pursuant to his policy making authority for the Beauregard Parish Sheriff's department, RICKY MOSES, knowingly recklessly, maliciously, or with a deliberate indifference and in bad faith to the rights of citizens and callous disregard of Plaintiff's rights, failed to instruct, train, supervise, control and discipline on a continuing basis, Deputies of the Beauregard Parish Sheriff's Office, including DEPUTY PROPST, in their duties to refrain from the acts alleged in this complaint

g. The serious harm that occurred to Plaintiff was the obvious consequence of the official policy or custom of the defendant, SHERIFF MOSES, in connection with his deliberately indifferent failure to train and supervise the defendant DEPUTY PROPST and other deputies.

h. As a direct and proximate cause of the acts of SHERIFF MOSES, plaintiff suffered damages in connection with the deprivation of his constitutional rights guaranteed under the Fourth Amendment of the Constitution of the United States and protected by 42 U.S.C. Sec 1983.

62. As a result of the Defendant SHERIFF MOSES unjust seizure and search, Plaintiff has suffered injury, as well as emotional distress.

**Count III Tresspass to Real and Personal Property- State Law Claim**

63. Each of the preceding paragraphs is incorporated as if fully restated herein.

64. As described in the proceeding paragraphs, the Defendant, DEPUTY PROPST, shot plaintiff's dogs, Bishop and Sheeba, causing death and serious injury.

65. As described in the proceeding paragraphs, the defendant, DEPUTY PROPST, without permission or probable cause, entered onto the property where Plaintiff's business was located, including the inside of his private business building, and seized a number of puppies from inside the business.

66. The actions of the defendant constituted and intentional and reckless unlawful interference with the personal property of the Plaintiff without lawful authority to do so.

67. The actions of the defendant constituted an intentional and reckless entry onto the land and business of Plaintiff without lawful authority to enter.

68. As a result of the trespass to real and personal property, Plaintiff suffered damages

caused by the defendant's action.

### COUNT IV- State Law Claim
### Conversion

69. Each of the foregoing paragraphs is incorporated as if restated fully herein.

70. Plaintiff, JOHN ARTHUR WILLIAMS, was the lawful owner of Bishop and Sheeba.

71. Defendant, DEPUTY PROPST, took possession and control of Bishop by intentionally killing him and of Sheeba by severely injuring her. DEPUTY PROBST also took possession and control of the young puppies by seizing them and removing them from the building and property owned by Plaintiff thereby removing them from his possession and control, although the puppies were ultimately returned.

72. As a result, DEPUTY PROPST deprived plaintiff of his right to possession of Bishop and Sheeba and interfered with his possession of the young puppies.

### COUNT V- State Law Claim
### Respondeat Superior

73. Each of the foregoing paragraphs is incorporated as if restated fully herein.

74. In committing the acts alleged in the preceding paragraphs, DEPUTY PROPST was employed by SHERIFF MOSES and the Beauregard Parish Sheriff's Department and thereby acting as his and/or its agent.

75. In committing the acts alleged in the preceding paragraphs, DEPUTY PROPST was, at all times pertinent herein, in the course and scope of his employment as a deputy for SHERIFF MOSES and employ of the same and/or the Beauregard Parish Sheriff's Department.

76. Defendant, SHERIFF MOSES, is liable as principal for all acts/omissions committed by his agents and employees.

77. The actions of the individual defendants caused Plaintiff to suffer the damages outlined herein.

## COUNT VI State Law Claim
## Negligent Training And Supervision

78. Each of the foregoing paragraphs is incorporated as if restated fully herein.

79. Plaintiff alleges that SHERIFF MOSES failed to properly train and/or instruct and/or supervise his deputies/employees, including DEPUTY PROPST in handling animal encounters, specifically, in the use of non-lethal force where appropriate and in properly discerning between dogs that are dangerous and those that are not dangerous but simply behaving according to their nature, and the appropriate times to use lethal force. This failure resulted in the subject incident, and many other prior incidents.

80. As a result of the aforementioned, Plaintiff has suffered emotional injuries and damages due to the loss of his pet and property.

## MISCELLANEOUS

81. Plaintiff shows that the incident described herein was solely caused by, either individually or in concert, by the actions/inaction and/or negligence of the defendants, SHERIFF MOSES and DEPUTY PROPST.

82. Plaintiff desires and prays for a jury trial on all issues

83. Defendants, SHERIFF MOSES and DEPUTY PROPST are liable unto plaintiff, JOHN ARTHUR WILLIAMS, for reasonable damages, together with legal interest thereon from date of judicial demand until paid, and for all reasonable costs associated with this litigation and

proceedings.

84. Plaintiff is entitled to an award of compensatory damages against the individual Defendants, SHERIFF MOSES and DEPUTY PROPST in their individual capacities under 42 U.S.C.§ 1983.

85. Plaintiff is entitled to punitive damages against the individual defendants, SHERIFF MOSES and DEPUTY PROPST because their acts were reckless and showed callous indifference toward the rights of Plaintiff.

86. Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, plaintiff prays that after all due proceedings had:

There be a judgment in favor of plaintiff, JOHN ARTHUR WILLIAMS, and against Defendants, SHERIFF RICKY MOSES and DEPUTY EDWARD PROPST for such sums as are reasonable in the premises, together with interest thereon at the legal rate from the date of judicial demand until paid, including as reasonable costs associated with this litigation and proceedings.

FURTHER PRAY for all other general and equitable relief in the premises.

Respectfully submitted,
/s/ Alyson Vamvoras Antoon
Alyson Vamvoras Antoon - # 34131
ANTOON LAW FIRM, LLC.
1111 Ryan St.
Lake Charles, LA 70601
Telephone: (337) 936-4365
Facsimile: (337) 433-1622
Alyson@antoonlawfirm.com
ATTORNEY FOR PLAINTIFF

Respectfully submitted,
/s/ Michael N. Antoon

Michael N. Antoon -33503  
ANTOON LAW FIRM L.L.C.  
1111 Ryan St.  
Lake Charles, LA 70601  
Telephone: (337) 564-6919  
Facsimile: (337) 433-1622  
mantoon@antoonlawfirm.com  
ATTORNEY FOR PLAINTIFF
